# EXHIBIT B

## SUBPOENA

# EXHIBIT B

JAMES E. SMYTH, II, ESQ.
Nevada Bar No.: 6506
JONI A. JAMISON, ESQ.
Nevada Bar No.: 11614
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
jsmyth@kcnvlaw.com
jjamison@kcnvlaw.com

*Attorneys for Drax, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of HANCOCK SANDBLAST & PAINT LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DRAX, INC., a corporation; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation,<br><br>Defendants. | Case No. 2:16-cv-01326-JAD-CWH<br><br>**SUBPOENA DUCES TECUM FOR DEPOSITION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT NSPECTION OF PREMISES IN A CIVIL ACTION** |
| UNITED STATES OF AMERICA for the use and benefit of DRAX, INC., a corporation;<br><br>Cross-Claimant,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation<br><br>Cross-Defendant. | Date of Deposition: January 13, 2017<br>Time of Deposition: 9:00 a.m. |
| UNITED STATES OF AMERICA for the use and benefit of DRAX, INC., a corporation;<br><br>Third-Party Plaintiff, | |

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 1 of 7

1  vs.

2  ANDERSON BURTON CONSTRUCTION, INC.,

3  
              Third-Party Defendant.

4  ANDERSON BURTON CONSTRUCTION, INC.,

5  

6              Third Party Counterclaimant,
   vs.

7  
   DRAX, INC., a corporation;

8  
              Third-Party Counterdefendant.

9  

10 **SUBPOENA DUCES TECUM FOR DEPOSITION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

11 **IN A CIVIL ACTION**

12    TO:        Gilbert R Cano, GS-13 USAF ACC 99 CONS/LGCA
                Flight Chief/Contracting Officer
13              Infrastructure Sustainment
                99th Contracting Squadron
14              Nellis AFB, Nevada 89191

15              c/o Jacquelyn C. Fiorello, Capt, USAF
                Assistant Staff Judge Advocate
16              4428 England Ave., Bldg. 18
                Nellis AFB, Nevada 89191

17

18 *Production:* **YOU ARE COMMANDED** to appear and give testimony and produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

19

20              See "Exhibit A" attached hereto.

21    Place:  **KAEMPFER CROWELL**           Date & Time:   **January 13, 2017  9:00 a.m.**
              **1980 Festival Plaza Drive, #650**
22            **Las Vegas, Nevada 89135**
              **Telephone: (702) 792-7000**
23
   **IN LIEU OF APPEARING** at the aforementioned place and time to testify, you may copy the
24 subpoenaed records and deliver the copies prior to **January 13, 2017** to **KAEMPFER CROWELL, 1980 Festival Plaza Drive, #650, Las Vegas, Nevada  89135**, along with an

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 2 of 7

1  affidavit or other sworn declaration certifying the authenticity of the produced records and materials.

2

3  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

4

5  DATE  December 8, 2016

6

7  _____
    UNITED STATES MAGISTRATE JUDGE

8

9  **Notice to the person who issues or requests this subpoena**

10  If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

11

12

13

14  Submitted by:

15  KAEMPFER CROWELL

16

17  BY: _____
    JAMES E. SMYTH, II, ESQ.

18  Nevada Bar No.: 6506
    JONI A. JAMISON, ESQ.

19  Nevada Bar No.: 11614
    1980 Festival Plaza Drive, Suite 650

20  Las Vegas, Nevada 89135
    ***Attorneys for Drax, Inc.***

21

22  / / / / /

23  / / / / /

24  / / / / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 3 of 7

# "EXHIBIT A"

## DEFINITIONS

1.  As used herein, the term "DOCUMENT" means a "writing" or "recording' as those terms are defined in the Nevada Rule of Evidence 52.225, and refers to those materials in your actual or constructive possession, custody or control, including but not limited to originals, copies, non-identical copies, and preliminary, intermediate, and final drafts or writings, recordings of oral COMMUNICATIONS, correspondence, e-mails, books, pamphlets, periodicals, bills, accounts, checks, check registers, letters, photographs, objects, telegrams, notes, minutes, memoranda, inter-office and intra-office COMMUNICATIONS, reports, studies, surveys, forecasts, analyses, indices, calendars, diaries, and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic (such as on a computer hard drive or diskette), microfilm, phonic (such as tape recordings), photographic, or other means. Handwritten or other notations of any kind on any copy of a DOCUMENT render it non-identical.

2.  As used herein, "DOCUMENT" also includes but is not limited to any electronically stored data or paper DOCUMENT.  This includes but is not limited to, archived, electronically stored data on magnetic storage media, optical storage media, and/or storage media of any other kind as an "active file or files (readily readable by one or more computer applications of forensics software); any data or files stored in and/or accessible through any type of network or networking system of any kind; any electronic files saved as a backup; any "deleted" but recoverable electronic files on said media; any imaged copy created by imaging, ghost imaging, or any other type of imaging process; any and all metadata, any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack], residual data left on the hard drive after new data has overwritten some but not all of previously stored data; and/or any data or files organized within, stored by, accessed through any type of software, application software or operating system of any kind.

3.  As used herein, the term "relating to" means in whole or in part constituting, containing, concerning, embodying, identifying, stating, consisting of, pertaining to, referring to, dealing with, responding to, reflecting, supporting connected with, commenting on, discussing, showing describing, mentioning, evidencing or having any logical or factual connection with the persons, entities, and/or actions described herein.

4.  As used herein, "Application Software," also known as an end-user program, is software that comprises a set of electronic instructions, also known as a program, which instructs a computer to perform a specific set of processes.  Application software includes word processing programs, spreadsheet programs, database programs, and other programs enabling an end user to perform specific functions.

/ / / / /

/ / / / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx   17859.1

Page 4 of 7

5. As used herein, "Archive" shall mean a long-term storage area, often on magnetic tape for backup copies of files for files no longer in active use; or the act of copying files to long-term storage medium for back up. An archive copy is typically maintained for historical reference.

6. As used herein, "Backup" shall mean a snapshot of data at a specific point in time, typically stored on a tape or disk.

7. As used herein, "Computer" shall mean any programmable machine including but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs, digital cell phones and pagers.

8. As used herein, "Data" shall mean distinct pieces of information formatted in a special way for reading, storage, or access on a computer.

9. As used herein, "Hard Drive" shall mean the mechanism that reads and writes data on a hard disk. A hard drive is the primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

10. As used herein, "Imaging" shall mean a method of converting the contents of a hard drive, including its configuration settings and applications, into an image, and then storing the image on a server or burning it to a CD. Ghost Imaging is a popular application for this method.

11. As used herein, "Imaged Copy" shall mean a "mirror image" copy of a hard drive (i.e., a complete replication of the contents of the physical drive). Images can be created using forensic or non-forensic methods.

12. As used herein, "Magnetic Storage Media" shall include but is not limited to hard drives (also known as "hard disks"), back up tapes, Jaz and Zip drives, and floppy disks.

13. As used herein, "Network" shall mean a group of one or more computer systems connected to enable people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], home area network, [HAN], metropolitan area network [MAN], etc.).

14. As used herein "Operating System" shall mean software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux), the software platform on which all other software operates.

15. As used herein, "Optical Storage Media" shall include but is not limited to CD-ROMs and DVD-ROMs.

16. As used herein, "Network Operating System" shall mean a software system that includes special functions for connecting computers and devices into a network.

17. As used herein, "Software" shall mean a set of instructions stored on a computer readable media that tells a computer what to do, this includes operating systems and applications.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 5 of 7

18. As used herein, "Storage Media" shall mean any removable object on which data can be stored such as a magnetic tape or CD.

19. As used herein, "**COMMUNICATION**" shall mean any contact, oral or written formal or informal at any time or place and under any circumstance whatsoever, in which information of any nature was transmitted or received.

20. As used herein, "person" refers to any natural individual, government entity or business entity, including a corporation or partnership, association, joint venture, co-venture or other entity, or any combination thereof and ALL corporations, divisions or entities affiliated with, owned or controlled directly or indirectly by any such entities as well as the directors, officers employees, agents, attorneys, other representatives thereof, and/or third parties retained or employed by any of the above.

21. "**THE PROJECT**" shall mean and refer to the design build project to Repair Water Tanks and Coat Interiors at Multiple Facilities at Nellis Air Force Base situated in Clark County, and generally described and known by all pursuant to Base Contract Agreement #FA4861-14-C-A002 per RFP# FA4861-14-B-A002-0004, including Amendment 01, dated 05/14/14; Amendment 02, dated 05/22/14; Amendment 03, dated 06/11/14; Amendment 04, dated 06/19/14, contracted by or through 99th Contracting Squadron for Nellis Air Force Base on or about September 18, 2014 and during the time from September 2014 through to the current date and which is the subject of this action.

22. "**THIS ACTION**" refers to the above-captioned case, filed in the United States District Court of Nevada on or about June 14, 2016 and involving disputes among the parties regarding claims for breaches of contract, non-payment, unjust enrichment and action on Miller Act Payment Bond. Parties to the litigation include the design-builder, subcontractors, suppliers and payment bond surety.

## DOCUMENTS REQUESTED

1. All items and records in your possession or control and which relate to your **complete and entire job file for THE PROJECT** that is the subject of THIS ACTION, including, but not limited to, all records, documents, communications and materials related to

   a. construction and payment documents,
   b. records of communications relating to THE PROJECT, whether letters, reports, notes, e-mails, orders, correspondence, internal communication, proposals, payment applications, contracts, invoices, purchase orders, change orders, submittals, payroll, time sheets, sign-in sheets, lien waivers, receipts, work orders, summaries, logs, drawings, graphic depictions, memoranda and/or other communications regarding THE PROJECT;
   c. all contracts and agreements, including all additions, changes, modifications, and amendments,
   d. minutes of meetings, logs, time sheets,
   e. diaries, journals, daily reports,

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 6 of 7

   f. inspection records and reports;
   g. records constituting, referring to or relating to a schedule for performing any aspect of the work on THE PROJECT,
   h. schedules,
   i. records reflecting commencement and completion dates of work at THE PROJECT,
   j. status reports,
   k. Requests For Information and responses to Requests For Information,
   l. requests and notices regarding extensions of time for performance of work,
   m. requests and notices regarding shortening of time for performance of work,
   n. requests and notices regarding delays,
   o. purchase orders,
   p. delays, terminations,
   q. deficient work,
   r. correction work,
   s. repair work, extra work,
   t. photographs,
   u. notices to proceed, completion notices,
   v. records relating to any change regarding scope of work,
   w. invoices, costs, expenses, etc.

2. All pleadings and papers in or related to any litigation, dispute, mediation, arbitration or settlement proceedings between the United States Air Force and Anderson Burton Construction, Inc. related to THE PROJECT.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1902420_6.docx  17859.1

Page 7 of 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).